UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-107-FDW

| DAVID E. TALBERT, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| TODD CARTER, | ) | |
| Parole Probation Officer, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1); on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2); on Plaintiff's Motion to Appoint Counsel, (Doc. No. 3); and on Plaintiff's Motion Requesting Copies of Civil Procedure and Federal Rules of Evidence and Criminal Rules, (Doc. No. 4).

The Court has examined Plaintiff's inmate trust fund account, which shows that as of April 30, 2014, Plaintiff had $0.00 in his account. (Doc. No. 6 at 1). Plaintiff lacks sufficient resources with which to pay the filing fee. Therefore, Plaintiff's application to proceed in forma pauperis shall be granted for the limited purpose of this initial review.

**I.    BACKGROUND**

Pro se Plaintiff David Talbert filed this action on April 28, 2014, naming as the sole Defendant his former probation officer Defendant Todd Carter, a parole/probation officer with

1

the North Carolina Department of Public Safety in Buncombe County, North Carolina.[1]

Plaintiff's claim against Defendant arises out of Defendant's petition for the revocation of Plaintiff's probation on his conviction for failing to register as a sex offender. The relevant background facts are as follows:

On September 20, 2010, Plaintiff pled guilty in Buncombe County Superior Court to one count of failure to register as a sex offender. See State v. Talbert, 727 S.E.2d 908 (N.C. Ct. App. 2012). The trial court imposed a suspended sentence, and Plaintiff was placed on supervised probation for 24 months, subject to certain conditions of probation. Id. at 909. As one of the terms of his probation, Plaintiff was required to abide by North Carolina's sex offender program requirements, which included residing at a residence to be approved by his probation officer. Id.

While on probation for the failure to register conviction, Plaintiff was convicted of felony larceny after breaking and entering in Yancey County, and he was sentenced to ten to twelve months' active imprisonment. Id. He was thereafter incarcerated at Avery-Mitchell Correctional Institution, and his scheduled release date was April 29, 2011. Id. Defendant Carter, Plaintiff's probation officer, visited Plaintiff at the prison that day, and Plaintiff informed Defendant that he

---

[1] Plaintiff has written on page 2 of his Complaint, Paragraph Three, where he is instructed to write the name of a Defendant and where the Defendant is employed, the words "Magistrate" and "Buncombe Jail." See (Doc. No. 1 at 2). Plaintiff has not given a name for the particular magistrate who determined that Plaintiff should be held in jail pending his revocation proceedings. In any event, to the extent that Plaintiff is attempting to name a state magistrate as a Defendant in this action, any such magistrate enjoys absolute immunity from suit. See King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) ("Magistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges."); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) ("As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity.").

had not yet found a place to live upon his release.[2]  Id.  Defendant placed Plaintiff in handcuffs, drove him to the Buncombe County Detention Center, and petitioned to have Plaintiff's probation revoked because Plaintiff had not obtained a place to live once he was released from prison.  See (Doc. No. 1 at 6).  The trial court subsequently revoked Plaintiff's probation and activated his sentence on the conviction for failing to register as a sex offender, finding that Plaintiff had willfully violated the terms of his probation by failing to find a suitable residence upon being released from prison.  State v. Talbert, 727 S.E.2d at 910.

Plaintiff appealed the trial court's decision and on July 17, 2012, the North Carolina Court of Appeals reversed the trial court's revocation of Plaintiff's probation, finding that "the trial court abused its discretion by concluding that defendant's failure to secure suitable housing before his release was willful."  Id. at 911.  The Court of Appeals stated that Plaintiff's "probation was revoked because of circumstances beyond his control," noting Plaintiff's "lack of personal resources—social, familial, and financial—[which] severely limited his ability to obtain a suitable residence while incarcerated."  Id.  The Court of Appeals further found that Plaintiff's

---

[2]  As the North Carolina Court of Appeals explained:

> While still in prison, defendant had worked with his case worker to find a place to live, but they had been unsuccessful.  Defendant could not stay with family members because he was adopted but had been removed from his adoptive family's care at the age of 15 because of physical and sexual abuse.  He also had no money, as indicated by his affidavit of indigency.  In addition, the probation officer explained, it is sometimes difficult for convicted sex offenders to find residences after they are released from prison because they cannot live near schools or daycares and "just the fact that they are a sex offender limits their possibilities of having a residence."  Although defendant contacted several shelters and rescue missions, they all turned him down because he was a convicted sex offender.

Id. at 909-10.

circumstances "limited his ability to stay with family until he found a more permanent residence"; that Plaintiff "had no assets and no job, which alone presents a very real obstacle to renting a hotel room or apartment"; and because he is a sex offender, it was unlikely that he would be allowed to stay at a shelter or mission because children often stay at those places. See id.

Plaintiff contends in this action that he was wrongfully incarcerated and that his "rights were violated" from around April 29, 2011, until August 8, 2012, based on Defendant's alleged wrongful petition for the revocation of Plaintiff's probation. (Doc. No. 1 at 3). As relief, Plaintiff seeks from Defendant damages of $100 per day that he was allegedly wrongfully incarcerated. (Id. at 5).

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

As noted, in this § 1983 action, Plaintiff has sued his former probation officer Defendant Todd Carter based on Defendant's petition to revoke Plaintiff's probation. Petitioner is not entitled to bring this action against Defendant Carter because, as a probation officer, Defendant is entitled to immunity against Plaintiff's claim against him for damages.[3] See Douglas v. Muncy, 570 F.2d 499, 501 (4th Cir. 1978) (where the plaintiff alleged that his parole officer arbitrarily enforced the conditions of his parole, stating that "[w]ith respect to the § 1983 claims, the district court was correct in its conclusion that the members of the Parole Board were immune from damages, and [Defendant], in his capacity as a parole officer, was also immune

---

[3] Some courts have held that probation officers are entitled to qualified, rather than absolute, immunity based on § 1983 actions arising out of a probation officer's petition to have a defendant's probation revoked. See Ray v. Pickett, 734 F.2d 370 (8th Cir. 1984). The Fourth Circuit Court of Appeals does not appear to have addressed this issue. Even if qualified immunity is the proper test, Defendant Carter is entitled to qualified immunity. That is, given the circumstances of this case, Defendant Carter's erroneous determination that Plaintiff had violated the conditions of his probation was not a violation of clearly established federal law. Indeed, the Court finds no authority indicating that Defendant Carter violated any federal constitutional right belonging to Plaintiff in the first instance. To be sure, the North Carolina Court of Appeals found that the trial court had abused its discretion in revoking Plaintiff's probation following the trial court's hearing on the revocation petition. Defendant Carter's determination that Plaintiff had violated the terms of his probation was based on the fact that Plaintiff had not yet obtained a residence on the day he was to be released from prison. Defendant Carter's interpretation of the North Carolina sex offender law and his and the trial court's determination that Plaintiff had willfully violated his probation, while ultimately deemed incorrect by the North Carolina Court of Appeals, did not amount to a federal constitutional violation.

from such liability") (internal citations omitted); Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (noting that "parole officers enjoy immunity for testimony given during parole revocation hearings when they act within the scope of their duties"); Demoran v. Witt, 781 F.2d 155, 157 (9th Cir. 1986) (parole officers are entitled to absolute immunity with respect to the preparation of parole revocation reports); Spaulding v. Nielsen, 599 F.2d 728 (5th Cir. 1979) (holding that federal probation officers were entitled to absolute immunity in the context of preparing presentencing reports).

In sum, the Court will dismiss this action with prejudice.

## IV. CONCLUSION

For the reasons stated herein, this action will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** with prejudice.

2. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this initial review.

3. Plaintiff's Motion to Appoint Counsel, (Doc. No. 3), and Plaintiff's Motion Requesting Copies of Civil Procedure and Federal Rules of Evidence and Criminal Rules, (Doc. No. 4), are **DENIED** as moot.

Signed: May 23, 2014

Frank D. Whitney
Chief United States District Judge